UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **RUHI REIMER**, on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br>v.<br><br>**HIGHLAND HEALTH DIRECT, LLC.**<br><br>                          Defendant. | Civil Case No.:<br><br>**CLASS REPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, RUHI REIMER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from Highland Health Direct's ("Defendant") violations of the Telephone Consumer Protection Act ("TCPA"), 47. U.S.C. § 227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA*"), Va. Code §59.1-510 et seq.*

**JURISDICTION AND VENUE**

2. The Court has federal question jurisdiction over the TCPA claims pursuant to 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the VTPPA claims pursuant to 28 U.S.C. §1367(a).

4. Venue is proper pursuant to 28 U.S.C. U.S.C. §1391(b)(1) because Defendant resides in this district.

**PARTIES**

5. Plaintiff was at all times relevant to this action a natural person residing in Ashburn, Virginia and a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a Florida limited liability company, with its principal place of business in Deerfield Beach, Florida and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

7. Beginning on or around February 8, 2022, Defendant contacted Plaintiff on his cellular telephone, number ending in -3122, in an effort to sell or solicit its goods or services.

8. Plaintiff's phone number ending in -3122 has been registered on the National Do Not Call Registry since September 2008.

9. The calls from Defendant and/or its agents include at least the following:

| Count | Calling Number | Date | Time |
|---|---|---|---|
| 1 | 719-326-7825 | 2/8/22 | 11:05 AM |
| 2 | 479-349-9937 | 2/8/22 | 12:11 PM |
| 3 | 316-397-3670 | 2/9/22 | 9:17 AM |
| 4 | 888-995-2767 | 2/9/22 | 10:35 AM |
| 5 | 888-211-3480 | 2/9/22 | 2:18 PM |
| 6 | 888-210-1610 | 2/9/22 | 5:18 PM |
| 7 | 216-434-4197 | 2/10/22 | 9:31 AM |
| 8 | 888-995-2748 | 2/10/22 | 11:12 AM |
| 9 | 603-803-5639 | 2/10/22 | 3:12 PM |
| 10 | 888-210-2632 | 2/18/22 | 3:32 PM |

10. All of Defendant's calls were made for the purpose of encouraging the purchase of

its goods or services.

11. In each call Defendant callers failed to identify by giving their first and last names.

12. In each call Defendant failed to transmit its name to Caller ID despite having the ability to do so.

13. In all but one of the calls, after Plaintiff answered, Defendant callers failed to say anything and also did not play a prerecorded identification message of any kind even after two seconds.

14. Because many of the calls were "dead calls" in which Defendant said nothing, Plaintiff called the numbers back and was able in some cases to speak to a live representative of Defendant.

15. When Plaintiff called back the numbers from February 8, 2022, the callers identified themselves as "Medicare Advantage Simplified," which on information and belief is Defendant or an agent of Defendant.

16. When Plaintiff called back numbers from February 9, 10 and 18, 2022, the representatives identified themselves as "Highland Health" or "Highland Healthcare."

17. One call placed by Defendant in which Defendant spoke, after more than two seconds had passed, occurred on February 9, 2022. In this call Defendant identified itself as "Highland Healthcare" and asked to speak with "Rob Marzicks."

18. Plaintiff had no prior business relationship with Defendant and did not invite or give permission for any of these calls.

19. Accordingly, in addition to being "telemarketing", Defendant's calls also qualify as telephone solicitations under the TCPA, 47 C.F.R. § 64.1200(f)(15).

20. Plaintiff and all members of the classes, defined below, have been harmed by the

acts of Defendant because the calls invaded their privacy, occupied their telephone lines, and wasted their time.

## CLASS REPRESENTATION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated for the following classes:

<ins>National Do-Not-Call Registry Class</ins>
All persons in the United States to whose telephone number: (1) Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period (2) promoting Defendant's products or services (3) when the telephone number was registered on the National Do-Not-Call Registry for at least 30 days prior to the first call (4) without a written agreement signed by the called party authorizing the calls (5) where the last call was made no earlier than the date that is four years prior to the filing of this action.

<ins>Virginia Do-Not-Call Registry Class</ins>
All persons in the United States to whose telephone number: (1) Defendant placed (or had placed on its behalf) at least one telephone call (2) promoting Defendant's products or services (3) to a telephone number with a Virginia area code (4) registered on the National Do-Not-Call Registry for at least 30 days prior to the call (5) without a written agreement signed by the called party authorizing the calls (6) since the date that is two years prior to the filing of this action.

<ins>Virginia Failure to Identify Class</ins>
All persons in the United States to whose telephone number: (1) Defendant placed (or had placed on its behalf) at least one telephone call (2) promoting Defendant's products or services (3) to a telephone number with a Virginia area code (4) without stating the solicitor's first and last name (5) since the date that is two years prior to the filing of this action.

<ins>Virginia Caller ID Class</ins>
All persons in the United States to whose telephone number: (1) Defendant placed (or had placed on its behalf) at least one telephone call (2) promoting Defendant's products or services (3) to a telephone number with a Virginia area code (4) without transmitting Defendant's name to Caller ID (5) since the date that is two years prior to the filing of this action.

<ins>Virginia Abandoned Call Class</ins>
All persons in the United States to whose telephone number: (1) Defendant placed (or had placed on its behalf) at least one telephone call (2) promoting Defendant's products or services (3) to a telephone number with a Virginia area code (4) without having either a live operator speak within two seconds of the call being answered

or playing a prerecorded identification message (5) since the date that is two years prior to the filing of this action.

22. Excluded from the classes are Defendant, any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, any member of such judge's staff and immediate family, and any individuals who file a request for exclusion.

23. The classes as defined above are identifiable through phone records and phone number databases.

24. The potential class members number at least in the hundreds and probably in the thousands. Individual joinder of these persons is impractical.

25. Plaintiff is a member of the classes.

26. Questions of law and fact common to Plaintiff and the proposed classes predominate over questions involving only individual class members. These common questions of law and fact include but are not limited to:

    a. Whether Defendant failed to maintain adequate procedures to comply with the National Do-Not-Call List and not place unlawful calls to individuals registered on the National Do-Not-Call List;

    b. Whether Defendant failed to comply with the requirements placed on telephone solicitors by the VTPPA;

    c. Whether Defendant's calls were solicitations.

27. Plaintiff's claims are typical of the claims of class members.

28. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the

classes and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. The actions of Defendant are generally applicable to the classes as a whole and to Plaintiff.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of all class members is impracticable. Even if every member of the classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the classes.

31. The prosecution of separate actions by individual members of the classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the classes to protects their interests.

## LEGAL CLAIMS

### COUNT ONE

**Violations of the TCPA's National Do-Not-Call Registry Provisions**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission.

34. Defendant's violations were negligent and/or willful.

35. The TCPA provides a private right of action for these claims pursuant to 47 U.S.C. § 227(c)(5).

### COUNT TWO

**Violations of the VTPPA's National Do-Not-Call Registry Provisions**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant violated Va. Code Ann. § 59.1-514(b) by initiating telephone solicitation calls to telephone numbers despite their registration on the National Do-Not-Call Registry and without signed, written prior express invitation or permission.

38. Defendant's violations were negligent and/or willful.

39. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

### COUNT THREE

**Violations of the VTPPA's Solicitor Identification Provisions**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant violated Va. Code Ann. § 59.1-512 by making telephone solicitation calls without providing the first and last name of the solicitor upon making contact.

42. Defendant's violations were negligent and/or willful.

43. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

## COUNT FOUR

### Violations of the VTPPA's Caller ID Provisions

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Defendant violated Va. Code Ann. § 59.1-513 by making telephone solicitation calls without transmitting its name to caller ID despite having the ability to do so.

46. Defendant's violations were negligent and/or willful.

47. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

## COUNT FIVE

### Violations of the VTPPA's Abandoned Call Provisions

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Defendant violated Va. Code Ann. § 59.1-513.1 by making telephone solicitation calls without a live caller available and also not playing a prerecorded identification message within two seconds of the answering person's completed greeting when no live caller was available.

50. Defendant's violations were negligent and/or willful.

51. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

## PRAYER FOR RELIEF

For himself and all Class members, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and VTPPA;

E. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

F. Judgment in favor of Plaintiff and the Classes for Defendant's violations of the TCPA and VTPPA;

G. An award to Plaintiff and the Classes of statutory damages as allowed by law;

H. An award of $500.00 in damages to Plaintiff and the members of the National Do-Not-Call Registry Class for each negligent violation of the TCPA;

I. An award of $1,500.00 to Plaintiff and the members of the National Do-Not-Call Registry Class for each willful violation of the TCPA;

J. An award of $500.00 to Plaintiff and the members of the VTPPA Classes for Defendant's first violation of the VTPPA;

K. An award of $1,000.00 to Plaintiff and the members of the VTPPA Classes for Defendant's second violation of the VTPPA;

L. An award of $5,000.00 to Plaintiff and the members of the VTPPA Classes for each violation subsequent to Defendant's second violation of the VTPPA;

M. An award of Plaintiff attorneys' fees and costs; and

N. Any further relief that the Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 8, 2023

Respectfully Submitted,

/s/ Eric W. Kem
Eric W. Kem
FL Bar No.: 0106042
**ERIC KEM INJURY LAWYERS**
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Tel: 352.356.5075
Fax: 352.565.5341
ekem@kemlawfirm.com

*Attorney for Plaintiff and the Proposed Class*